UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARRYL ROBINSON | CIVIL ACTION |
| VERSUS | NO. 10-2037 |
| MARLIN GUSMAN, ET AL. | SECTION "I" (1) |

### ORDER AND REASONS

Plaintiff, Darryl Robinson, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 claiming that he was denied adequate medical care while incarcerated within the Orleans Parish Prison system. He named as defendants Sheriff Marlin Gusman, Dr. Gore, Dr. Dileo, and Dr. Cheryl. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

The defendants have filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[2] Plaintiff has not opposed that motion.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 19.

mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

In this lawsuit, plaintiff states his claim as follows:

Statement of facts – Since my arrest and detainment here at (OPP) I've spoken to the medical staff regarding a preexisting medical condition Hepatitis 'C.' I've explained

>my condition since last year, only to be met with deliberate indifference from the medical staff all the MTA's and the Staff Doctors here at Orleans Parish Prison.[3]

Plaintiff also attached to his federal complaint a copy of an administrative grievance concerning his need for medical care for "scraching and the boils in my head."[4]

It is clear that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his *serious medical needs* are met with *deliberate indifference* on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). Even if the Court assumes for the purposes of this decision that plaintiff's various ailments qualify as serious medical needs,[5] his claims nevertheless fail because he cannot establish that the defendants acted with deliberate indifference.[6]

Regarding the deliberate indifference requirement, the United States Fifth Circuit Court of Appeals has explained:

>Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him

---

[3] Rec. Doc. 1, p. 3.

[4] Rec. Doc. 1, p. 4.

[5] "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

[6] Because the Court agrees with the defendants' argument that no deliberate indifference can be shown in this case, the Court need not address the alternative grounds for summary judgment set forth in their motion.

incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

In support of their argument that there was no deliberate indifference in the instant case, the defendants submitted copies of plaintiff's medical records from the Orleans Parish Prison system. Those records detail reasonably prompt and continuous treatment of plaintiff's various medical concerns, as follows:

| | |
|---|---|
| 6/8/09 | During the medical intake screening at the jail, plaintiff stated that he had no medical problems and was taking no medications.[7] |
| 11/11/09 | Plaintiff submitted a sick call request complaining of itching. He was seen by the medical staff that same day and referred to the prison doctor.[8] |
| 11/16/09 | Plaintiff was seen by a nurse practitioner. Plaintiff complained of itchy skin. The examination revealed that his skin was dry but there was no evidence of lesions or a rash. Also, he reported that he had been treated for syphilis but he *denied having a history of hepatitis.* Various laboratory tests were ordered.[9] |

---

[7] Rec. Doc. 19-7, pp. 8-9.

[8] Rec. Doc. 19-7, p. 17.

[9] Rec. Doc. 19-7, pp. 32-33.

| | |
|---|---|
| 12/15/09 | Plaintiff was seen by Dr. Dileo who diagnosed plaintiff's condition as scabies. He was prescribed Permethrin cream and Benadryl.[10] |
| 12/20/09 | Plaintiff submitted a sick call request stating: "I've been treated recently for scaybees. The ointment provided wasn't enough or didn't work. I still have excessive itching, irretated skin and I am bleed from head to feet as a result of scratching."[11] |
| 12/22/09 | Plaintiff was examined by the medical staff. It was noted that he had multiple dry bumps but no bleeding. He was referred to prison doctor[12] who prescribed Claritin.[13] |
| 1/8/10 | Plaintiff was examined in the medical unit. He was again diagnosed with scabies and prescribed Permethrin cream and Benadryl.[14] |
| 1/10/10 | Plaintiff submitted a sick call request complaining of a spider bite. He was seen by the medical staff that same day and referred to the prison doctor.[15] |
| 1/11/10 | Plaintiff's purported spider bite was cleaned and treated on the tier, and Bactrim was prescribed. He was also given Tylenol for pain in his arm. He was told to notify the medical department if he had further concerns.[16] |

---

[10]   Rec. Doc. 19-7, pp. 32-33. Permethrin is a topical scabicidal agent for the treatment of infestation with scabies. http://www.drugs.com/pro/permethrin.html. Benadryl (diphenhydramine) is an antihistamine. http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000704.

[11]   Rec. Doc. 19-7, p. 16.

[12]   Rec. Doc. 19-7, p. 16.

[13]   Rec. Doc. 19-7, p. 32.   Claritin (loratadine) is another type of antihistamine. http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001010.

[14]   Rec. Doc. 19-7, p. 30.

[15]   Rec. Doc. 19-7, p. 15.

[16]   Rec. Doc. 19-7, pp. 35-39. Bactrim (co-trimoxazole) is a sulfa drug used to treat various infections. http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000814.

| | |
|---|---|
| 1/12/10 | Plaintiff was examined by Dr. Dileo. Plaintiff was provided wound care for a boil, laboratory tests were ordered, and he was prescribed Bactrim, Rifampin, and Ultram.[17] |
| 1/24/10 | Plaintiff was seen in the medical unit complaining of a rash. He was treated for scabies and given wound care for an abscess.[18] |
| 2/6/10 | Plaintiff was seen in the medical unit by Dr. Joseph Gautreaux, III. Plaintiff was prescribed Benadryl and referred to the Medical Center of Louisiana at New Orleans (MCLNO) Hep C Clinic.[19] |
| 3/20/10 | Plaintiff was seen in the medical unit by Dr. Gautreaux. Laboratory tests were ordered, plaintiff was prescribed Bactrim, Benadryl, and Motrin, and he was referred to the MCLNO Hep C Clinic.[20] |
| 4/20/10 | Plaintiff was seen by a nurse practitioner. Plaintiff's laboratory results were reviewed, and he reported no new complaints or symptoms.[21] |
| 5/4/10 | Plaintiff submitted a sick call request stating: "I have multiple puss bumps that grew on my head in a matter of 2 days and they are very sore."[22] |
| 5/6/10 | Plaintiff was examined by the medical staff and referred to the prison doctor.[23] |

---

[17] Rec. Doc. 19-7, p. 29. Rifampin is an antibiotic used to treat various bacterial infections. http://www.healthline.com/goldcontent/rifampin. Ultram (tramadol) is used to treat moderately severe pain. http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0000960.

[18] Rec. Doc. 19-7, p. 28.

[19] Rec. Doc. 19-7, p. 27.

[20] Rec. Doc. 19-7, pp. 26 and 46.

[21] Rec. Doc. 19-7, p. 25.

[22] Rec. Doc. 19-7, p. 13.

[23] Rec. Doc. 19-7, p. 13.

| | |
|---|---|
| 5/21/10 | Plaintiff was examined by Dr. Dileo concerning the scalp lesions. He prescribed Benadryl, Bactrim, and Selsen Blue, and he warned plaintiff to quit picking at the lesions.[24] |
| 5/26/10 | Plaintiff was seen at MCLNO for a hepatitis C evaluation.[25] |
| 6/28/10 | Plaintiff was seen by a nurse practitioner. Plaintiff complained of itching. He was prescribed Benadryl and various laboratory tests were ordered.[26] |
| 7/24/10 | Plaintiff submitted a sick call request complaining of a spider bite and bumps on his head.[27] |
| 7/29/10 | Plaintiff was examined by the medical staff. The notes reflect: "observed large raised area to ↓ mid back; area warm to touch; ∅ redness; areas to scalp small & raised; ∅ drainage noted." Plaintiff was referred to the prison doctor.[28] |
| 7/30/10 | Plaintiff was examined by Dr. Dileo who noted only a single lesion on plaintiff's scalp. Plaintiff was instructed to stop picking at his scabs. Dr. Dileo also noted that plaintiff's hepatitis C was stable and that a MCLNO Hep C Clinic appointment was pending.[29] |
| 8/24/10 | Plaintiff submitted a sick call request stating: "This is another attempt at obtaining medical treatment. My complaint has been ongoing since I became incarcerated. I have Hepatitis 'C'. I have 20 bowel movement per day, extreme weight loss, fatigue, rectal |

---

[24] Rec. Doc. 19-7, p. 24.

[25] Rec. Doc. 19-7, pp. 73-74 and 78-80.

[26] Rec. Doc. 19-7, p. 23.

[27] Rec. Doc. 19-7, p. 12.

[28] Rec. Doc. 19-7, p. 12.

[29] Rec. Doc. 19-7, p. 22.

7

       bleeding, constant itching. Benadryl or Calamine lotion doesn't help – do not be deliberately indifferent."[30]

8/26/10  Plaintiff was examined by the medical staff. He stated that his last bowel movement was the previous day. When asked to provide a sample of his rectal bleeding on a tissue, he stated that he was not bleeding at the time. The examining nurse noted that plaintiff already had an appointment at the MCLNO Hep C Clinic scheduled for 9/22/10.[31]

8/27/10  Plaintiff was seen by Dr. Dileo, who noted that plaintiff's bowel movements had normalized but that some bleeding was observed. Dr. Dileo also noted that plaintiff likely had diarrhea and an anal fissure. The doctored prescribed hydrocortisone cream and noted that any recurrent episode of increased bowel movements should be reported as soon as possible.[32]

9/14/10  Plaintiff had a Hepatobiliary sonogram performed at MCLNO.[33]

Plaintiff has neither opposed the defendants' motion nor offered any evidence in support of his claim of deliberate indifference or to rebut to the evidence submitted by the defendants. In fact, he has offered nothing more than his conclusory allegation in the complaint that the medical staff acted with deliberate indifference. That is clearly insufficient. "The legal conclusion of deliberate indifference must rest on *facts* clearly evincing wanton actions on the part of the defendants." Barnes v. Milam County Sheriff's Department, 378 Fed. App'x 430, 431 (5th Cir. 2010) (emphasis

---

[30] Rec. Doc. 19-7, p. 11.

[31] Rec. Doc. 19-7, p. 11.

[32] Rec. Doc. 19-7, p. 21.

[33] Rec. Doc. 19-7, p. 72.

8

added; quotation marks and ellipsis omitted). Plaintiff has not even alleged such facts with respect to his claims.

Moreover, based on the unrebutted medical records in the instant case, it is evident that plaintiff was not refused treatment, his various medical complaints were not ignored, and he was not intentionally treated incorrectly. On the contrary, he was seen by the jail's medical staff each time he submitted a sick call request, was given various forms of treatment, including a range of medications, and was sent to outside specialists for evaluation and treatment for hepatitis C. Accordingly, the records disprove his allegation that his medical needs were met with deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

The fact that the medical treatment did not always effect a cure or that his problems recurred is of no moment. Deliberate indifference is not established simply by showing that the medical treatment provided was unsuccessful or that pain persisted despite treatment. Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006); Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); Kron v. Tanner, Civ. Action No. 10-518, 2010 WL 3199854, at *7 (E.D. La. May 19, 2010), adopted, 2010 WL 3171040 (E.D. La. Aug. 6, 2010).

Further, even if plaintiff could prove negligence or malpractice in this case, which is by no means apparent from the records currently before the Court, that still would not be sufficient to defeat the defendants' motion. Negligence or malpractice is never alone sufficient to state a federal

9

claim for inadequate medical care. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Rather, claims of negligence or malpractice are for the state courts, not a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

Simply put, the determinative issue here is not whether the medical treatment plaintiff received was subpar in some respect or whether he was satisfied with his care; rather, it is only whether the defendants acted with *deliberate indifference*. Because it is evident that there was no deliberate indifference in this case, plaintiff's claims must be dismissed.

Accordingly,

**IT IS ORDERED** that the unopposed motion for summary judgment is **GRANTED** and that plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this thirtieth day of December, 2010.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**